## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION
## (CINCINNATI)

| | | |
|---|---|---|
| **WPW CINCINNATI, INC.,** | : | **Case No. C-1-01-687** |
| **Plaintiff,** | : | **Judge Susan J. Dlott** |
| vs. | : | **DEFENDANT OFFICE DEPOT, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS TO ENFORCE A JUDGMENT** |
| **OFFICE DEPOT, INC.,** | : | |
| **Defendant.** | : | |

Defendant Office Depot, Inc. ("Office Depot"), opposes Plaintiff WPW Cincinnati, Inc.'s ("WPW") Motion for Stay of Proceedings to Enforce A Judgment ("Motion of Stay") under Federal Rule of Civil Procedure 62(b).

Fed. R. Civ. P. 62 states that, *in its discretion and on such conditions for the security of the adverse party are proper*, the Court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial.

Judgment was entered against WPW on April 7, 2003. Since judgment was entered, Office Depot has tried to resolve this matter extra-judiciously without any result. Now, over nine months later, on the eve of its judgment debtor exam, WPW filed a Motion to Stay execution of the judgment against it pending the disposition of its Motion for New Trial filed on April 17, 2003.[1] Office Depot should be entitled to pursue collection on the judgment rendered in its favor in this Court over nine months ago.

Office Depot would have no objection to the Court granting WPW's Motion to Stay pending its Motion for New Trial if WPW were required to post a supersedeas bond in the full

---

[1] Office Depot also filed an unopposed Motion for Attorneys' Fees on April 17, 2003, which is currently pending before the Court.

amount of the judgment rendered against it, plus attorneys' fees.[2]  This would ensure that the rights of Office Depot, as the judgment creditor, would be protected as required by Federal Civil Rule 62.

For the foregoing reasons, Office Depot respectfully requests that this Court deny WPW's motion for a stay of execution, unless a supersedeas bond in the amount of $494,009.58 is posted by WPW.

Respectfully submitted,

s/Renee S. Filiatraut
Renee S. Filiatraut (0041085)
THOMPSON HINE LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio  45202-4089
Telephone:  (513) 352-6659
Facsimile:  (513) 241-4771

Trial Attorney for Defendant
Office Depot, Inc.

---

[2] The judgment rendered against WPW on April 7, 2003 was for the sum of $354,156.00 plus post-judgment interest at a rate of 1.19% per month for a total of $393,942.63.  Furthermore, the Lease between WPW and Office Depot specifically provides that the non-prevailing party shall pay to the prevailing party its reasonable attorneys' fees and all other costs and expenses incurred in enforcing rights under the Lease.  Office Depot incurred costs and attorneys' fees in the amount of $100,066.95 through April 17, 2003.  Office Depot filed a motion to recover those fees on April 17, 2003, and WPW did not oppose it.  Therefore, the total amount of the outstanding judgment plus attorneys' fees through April 2003 is $494,009.53, and the bond should be set at that amount.

CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2004, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following by operation of the court's electronic filing system. Parties may access this filing through the Court's system:

>Gerald R. Ortbals and John W. Moticka
>100 South Fourth Street, Suite 700
>St. Louis, Missouri  63102

>Charles M. Meyer
>Santen & Hughes
>312 Walnut Street, Suite 3100
>Cincinnati, Ohio 45202

s/Renee S. Filiatraut<br>Renee S. Filiatraut

466743.1